IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAVID PAUL STORM,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br><br>Civil Case No. 1:06-CV-3 TS<br><br>Criminal Case No. 1:01-CR-4 TS |

Before the Court is Petitioner David Paul Storm's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 3, 2006. The government filed its response on April 18, 2006. Petitioner is proceeding *pro se* in this matter. The Court finds that the Motion is time-barred and, further, that Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because neither *Blakely* nor *Booker* applies to cases on collateral appeal. Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

1

BACKGROUND

On January 17, 2001, Petitioner was charged in a two-count Indictment with Possession of Firearm and Ammunition by a Convicted Felon.[1]  Petitioner pleaded guilty to both counts on May 29, 2001.  Thereafter, a presentence report was prepared and Defendant was sentenced on August 14, 2001, to a sentence of 110 months incarceration.  Judgment was entered on August 16, 2001.  Petitioner did not pursue a direct appeal.  The instant Motion was filed on January 3, 2006.

DISCUSSION

I.    STATUTE OF LIMITATIONS

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[2]  Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Case No. 1:01-CR-3 TS.

[2] *See also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

>   (4) the date on which the facts supporting the claim or
>   claims presented could have been discovered through the exercise
>   of due diligence.

As noted above, Petitioner's judgment was entered on August 16, 2001. Even allowing for time in which Petitioner might have sought a direct appeal, Petitioner is nearly four and a half years outside of the allowable time in which to pursue this action.

Petitioner argues that his Motion should be considered under subsection (3), alleging that the Supreme Court cases of *Blakely* and *Booker* create a "new rule of constitutional law."[3] However, as discussed below, there is no right newly recognized by the Supreme Court which has been made retroactive or applies to this collateral appeal, as is discussed below. Therefore, the Court finds that the statute serves as a time bar to this action.

II.   *BLAKELY* ISSUES

Petitioner's sole argument centers on the recent Supreme Court cases of *Blakely v. Washington*[4] and *United States v. Booker*.[5] Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal. However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is

---

[3] Motion at 14.

[4] 540 U.S. 965 (2004).

[5] 125 S.Ct. 738 (2005).

inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case and the sentence imposed was reasonable. The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[6] The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[7]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[8] The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[9] Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

Therefore, Petitioner's suit is time-barred and the underlying claims lack merit.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

---

[6] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[7] 125 S.Ct. at 769, (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[8] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[9] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

SO ORDERED.

DATED this 20th day of April, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge