IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID PAUL STORM,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 1:01-CR-4 TS |

Defendant seeks reconsideration of the Order denying his Motion to Clarify Sentence Description on Judgment in a Criminal Case. In its Order, the Court found that the relief Defendant requested must be filed as a Petition under § 2241, because it alleged the Bureau of Prisons (BOP) incorrectly calculated Defendant's credit for time served.[1]

In seeking reconsideration, Defendant now contends he is not asking for further relief or for a review of the Bureau of Prison's calculations.  Instead, he contends that he

---

[1]Docket No. 27, at 1; *see also* Docket No. 26, Def.'s Mot. to Clarify Sentence Description on Judgment in a Criminal Case, at 2 ("BOP staff . . . are denying Movant credit for his time served . . .").

1

is merely asking for the sentence to be amended to "put into effect . . . the oral sentence imposed."[2]  The Court construes Defendant's pro se Motion liberally.[3]

It appears that Defendant's Motions are based upon misunderstandings of the nature of his federal sentence and the strict limits on this Court's authority to modify that sentence.

Four things are relevant to Defendant's misunderstanding of the nature of his federal sentence.  First, a federal sentence commences on the date that a defendant is actually received into custody *for the purpose of* serving his sentence.[4]  Thus, a federal sentence cannot commence before it is imposed.  Defendant's federal sentence was imposed on August 14, 2001.[5]  All of the dates that Defendant proposes to use to modify the date of commencement of his sentence occurred *before* his federal sentence was imposed on August 14, 2001.[6]  A federal sentencing judge does not have authority to begin the commencement of a sentence before it is imposed.

---

[2] Docket No. 28, Def.'s Mot. for Reconsideration, at 1.

[3] *Helm v. Colorado*, No. 07-1070, 2007 WL 2122065, at *1 (10th Cir. July 25, 2007) ("Because he is proceeding pro se, we construe his pleadings with special solicitude.") (citing *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)).

[4] 18 U.S.C. § 3585(a); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006).

[5] Docket No. 22, Judgment in a Criminal Case, at 1 (showing date of imposition of sentence).

[6] *See* Def.'s Mot. to Clarify, at 4 (requesting "that the Court clarify its written sentence in an 'Amended Judgment in a Criminal Case,' by inserting the specific date of commencement: August 21, 2000 [the date of arrest], January 17, 2001 [the date of indictment], or in the alternative, March 29, 2001 [the day of arraignment]).").

Second, crediting time served is different from imposing a concurrent sentence. Credit for time served in official detention prior to imposition of a federal sentence is governed by § 3585(b).[7] That section allows a federal defendant to be given credit toward his federal term of imprisonment for time spent in official detention prior to commencement of his federal sentence *only* if that time "has not been credited against another sentence."[8] Because the statute is phrased in terms of "official detention" it covers time spent in either federal or state detention. In enacting § 3585(b), Congress changed the previous law by, among other things, making it "clear that a defendant could not receive a double credit for his detention time."[9] In this case, Defendant's own exhibit shows he received credit against his state sentence for the time he spent in federal custody prior to the imposition of his sentence.[10] Accordingly, because Defendant received credit against his state sentence for the time served in official detention before imposition of his federal sentence, § 3585(b) expressly prohibits granting him a double credit.

---

[7] 18 U.S.C. § 3585(b).

[8] *Id.*; *see also Pevehouse v. Scibana,* No. 06-6378, 2007 WL 1895743, at *1 (10th Cir. July 3, 2007) (citing 18 U.S.C. § 3585(b) and affirming denial of § 2241 petition where Petitioner argued that he was entitled to federal sentence credit for the time he spent in custody between the date he was arrested by state authorities and the date he began serving his federal sentence).

[9] *United States v. Wilson*, 503 U.S. 329, 337 (1992).

[10] Docket No. 26, Ex. 1.

Third, it is the BOP, not the sentencing court, that computes the amount of credit for prior detention under §3585(b).[11]

Fourth, the sentencing court's authority to apply § 5G1.3(b) to adjust the sentence for time already served on a state sentence or to make a downward departure under § 5G1.3(c) based on time already served on a state sentence may be exercised, if appropriate, at the time the sentence is imposed.[12]

Defendant's next misunderstanding is about the limited authority of the sentencing court to modify a previous sentence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[13] Because Defendant cannot now bring either a direct appeal[14] or a § 2255 attack on his sentence,[15] the only avenues left to modify his sentence are through 18

---

[11] *Wilson*, 503 U.S. at 1354 (holding that "the Attorney General must continue to compute the credit under § 3583(b) as he did" under the former statute).

[12] U.S.S.G. § 5G1.3 (b) and (c) and Application Notes 2, 3, and 5 (2000 Guidelines); now found at U.S.S.G. § 5G1.3 (b) and (c) and Application Notes 2 and 3 (2006 Guidelines).

[13] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

[14] Defendant relies on *United States v. Moyer*, 282 F.3d 1311 (10th Cir. 2002), but it is inapplicable to this case because it was a direct appeal. Therefore, the defendant therein could challenge the issue of the correct application of the sentencing guidelines. When such a direct appeal is successful, the appeal court's mandate provides authority for the sentencing court to modify a sentence. *United States v. Blackwell*, 81 F.3d 945, 948 n.2 (10th Cir. 1996) (citing 28 U.S.C. § 2106).

[15] Defendant's § 2255 Motion was denied on April 20, 2006.

U.S.C. § 3582(c), or Fed. R. Crim. P. 36.[16]  Defendant did not cite either § 3582 or Rule 36 in his Motion to Amend or in his Motion to Reconsider.  As § 3582 and Rule 36 are the only possible basis for this Court to proceed at this time, the Court will analyze the Motion under that statute and rule.[17]

Looking first to § 3582(c), it provides that "the court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances.[18]

> Section 3582(c) . . . provides three avenues through which the court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[19]

Under § 3582(c)(3), unless the applicable sentencing guideline range has been subsequently lowered, it does not provide a basis for modifying a sentence.[20]  Sentencing

---

[16] *Blackwell*, 81 F.3d at 948 ("'Although § 3582(c) does not refer to Fed. R. Crim. P. 36, we discern no intent on the part of Congress to preclude a court from correcting' clerical mistakes and minor errors under Rule 36.") (quoting *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994)).

[17] *See United States v. Leider*, 203 Fed. Appx. 226, 228-29 (10th Cir. 2006) (unpublished opinion) (denying defendant's "§ 3582 motion" to modify his sentence to credit his federal sentence for the time he served in state prison *before* his federal sentencing) (emphasis in original).

[18] 18 U.S.C. § 3582(c).

[19] *Blackwell*, 81 F.3d at 947-48 (citing and quoting at § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[20] *See United States v. Verners,* 136 Fed. Appx. 142,144 (10th Cir. 2005) (unpublished opinion) (§ 3582 cannot be used to collaterally attack sentence) (citing *Smartt*, 129 F.3d at 542 as "finding no jurisdiction under 3582(c) to consider collateral

guideline § 5G1.3(b) and (c) has not been subsequently lowered. Therefore, it does not provide grounds to modify Defendant's sentence.

Having considered the Motion to Amend and the Motion to Reconsider, the Court finds that Defendant fails to show that he is entitled to relief under § 3582(c), because his allegations and arguments, construed liberally, do not establish any of the three avenues through which the Court may modify his term of term of imprisonment once it has been imposed.

Next, the Court considers Defendant's Motion under Rule 36.

> Rule 36 provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence.[21]

As noted, Defendant now contends that he is merely requesting clarification of what already occurred during his sentencing hearing—that he would receive credit for time served. But what Defendant actually seeks is an order from this Court that he receive credit against his federal sentence for the time that he was detained *prior* to the imposition of his federal sentence on August 14, 2001.[22] The Court's ruling at sentencing was not, as Defendant represents in his Motions,[23] that he receive credit against his federal

---

issues including . . . applicability of other statutory sentencing provisions")).

[21] *Blackwell*, 81 F.3d at 949 (internal quotation omitted).

[22] Namely, August 21, 2000 to August 14, 2001. Def.'s Motion to Clarify, at 1.

[23] *See* Def.'s Mot. to Clarify, at 2 (representing that Court "specifically stated Movant's sentence would run concurrently . . and that Movant would be granted credit

6

sentence for all of the time he was detained prior to the imposition of his federal sentence. Instead it was that the federal sentence would run concurrent with his previously imposed state sentence because the state and federal offenses were "closely enough related that the Guidelines would specifically permit a concurrent sentence in this specific case."[24] Because the written Judgment shows that the sentence is concurrent, Defendant's sentence accurately reflects the Court's oral sentencing ruling.[25]

In imposing Defendant's federal sentence, this Court did not grant or intend to grant a § 5G1.3(b) "adjustment" or a § 5G1.3(c) "departure" based on time already served on Defendant's state sentence. Therefore, because such adjustment or departure were not made when the sentence was imposed, the sentence cannot now be substantively modified to grant such adjustment or departure under the guise of a Rule 36 "correction" or "clarification." For the same reason, the case relied upon by Defendant *Ruggiano v. Reish*,[26]—in which it was determined that the sentencing court clearly indicated its intention to adjust the sentence pursuant to § 5G1.3(c) for previous time served on a state sentence—is not applicable to the present case.

In sum, unless Defendant can show that he did not receive credit against his state sentence for time spent in official detention prior to his federal sentencing, §3585(b)

---

for time served.").

[24]Trans. at 10-11.

[25]Trans. at 11, Docket No. 22, Judgment in a Criminal Case, at 4 ("The sentence shall run concurrently with . . his previously imposed State sentence.").

[26]307 F.3d 121 (3rd Cir. 2002).

prohibits the type of relief that Defendant requests.  Even if Defendant could make such a showing, as the Court explained in its prior Order, the BOP's alleged failure to correctly credit time-served is a matter that must be raised in a § 2241 petition in the district where a defendant is confined.  It is therefore

ORDERED that Defendant's Motion for Reconsideration (Docket No. 28) is DENIED.

DATED August 2, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge