IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**DAVID PAUL STORM,**<br><br>     **Defendant**. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:01-CR-00004-DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant's Request for Suspension of Repayment of Criminal Fines [ECF No. 79.] In his Request, Defendant requests to have his fine "suspended until after the pandemic ends and the Institutions get back to normal or until [his] release." Defendant also complains that it is not "fair" for the Bureau of Prisons ("BOP") to take money from his account after his wife makes a deposit. After receiving Defendant's Request, the court asked the United States to respond and clarify how the BOP handles the payment of criminal fines. The United States responded and argued that it is complying with the judgment in this case and acting appropriately under the law. The court agrees with the United States and issues the following Memorandum Decision and Order.

      The BOP manages the repayment of criminal fines according to the Inmate Financial Responsibility Program ("IFRP"). 28 C.F.R. § 545 et seq. Under the IFRP an "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff. Payments may be made from institution recourses or non-institution (community) resources." *Id.* at § 545.11(b). "Thus, §

1

545.11(b) authorizes the [BOP] to consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP." *Thurston v. Chester*, 386 F. App'x 759, 762 (10th Cir. 2010) (unpublished) (internal citation and quotation marks omitted). Furthermore, there is "no indication that family gifts are excluded from the category of non-institution (community) resources.'" *Id.* In short, the IFRP authorizes the BOP to withdraw Defendant's wife's deposits (non-institution resources) and apply them towards the Defendant's fines.

In conclusion, the court wishes to express that it is sympathetic to the Defendant's family and personal situation. Indeed, the Covid-19 pandemic has heaped a substantial economic and emotional burden upon everyone. The court, however, is constrained the law and is unable to grant Defendant's request. Thus, for the foregoing reasons Defendant's Request for Suspension of Repayment of Criminal Fines [ECF No. 79] is DENIED.

DATED this 30th day of November, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge